PITMAN, J.
| Appellants, R. Kenneth Jeane and Suzanne W. Jeane (“the Jeanes”), appeal the trial court’s granting of a motion for summary judgment filed by Appellees, Virgil Mason, Clarece Mason Brown, Vergia Mason, Tommie Ann Mason Mims, Bettie Gail Mason, Onteryl Mason and Chuncy Mason (collectively, “the Masons”), and denial of a motion for summary judgment filed by the Jeanes. For the following reasons, we reverse the judgment of the trial court and grant summary judgment in favor of the Jeanes.
FACTS
Virgil Mason inherited a 1/125 interest and a 1/880 interest from his father, Willis Mason, in a piece of immovable property located in Jackson Parish. Virgil Mason also inherited a 3/880 interest in the property from his sister, Mary Mason.
On August 4, 1988, Virgil Mason, married to Mattie Mason, signed a cash sale deed conveying to James Leonard, married to Martha Leonard, and Gentry Leonard (“the Leonards”):
all of Virgil Mason’s undivided interest in and to the following described property, to wit:
East ten (10) acres of SE of SW, SW of SE, Section 28, Township 16 North, Range 3 West, Less undivided 1/11 Interest to Morgan R. and Mrs. Videll Robinson, Less fifteen (15) acres to V.C. Harvey for 1968, Less an undivided two (2) acres sold to V.C. Harvey for 1970, Less an undivided two (2) acres sold to V.C. Harvey for 1971, less two (2) acres to V.C. Harvey for 1969.
This is the separate property of Virgil Mason inherited from Willis Mason’s Estate.
The Jeanes subsequently purchased the Leonards’ interest in the property.
On June 3, 2010, the Masons filed a petition against Exco Operating | ¡¡.Company, LP (“Exco”), and Ozark Properties, LLC (“Ozark”). The Masons alleged that they are the owners of an undivided interest, including an undivided mineral interest, in the property. The Masons further alleged that they leased the property to Ozark, Ozark assigned the lease to Exco and Exco began production on the property. The Masons state that Exco and Ozark failed and refused to pay *1006 royalties to them for their mineral interests in the property and, therefore, breached their contractual obligations.
Exco filed a peremptory exception of nonjoinder and alleged that the Masons claim ownership of property and mineral interests that have been attributed to the Jeanes,[1] but that the Jeanes had not been made parties to the suit. Exco also filed a reconventional demand for concursus and named as defendants in reconvention the Masons and the Jeanes, all of whom had asserted a claim to proceeds from oil, gas and mineral production from the property. Exco explained that there is a dispute as to the ownership of the 3/880 interest Virgil Mason inherited from his sister, Mary Mason. Exco suspended payments of proceeds attributable to the disputed 3/880 interest and requested that these payments be deposited with the court until ownership rights are determined by judgment.[2]
The Masons filed a motion for summary judgment arguing that the cash sale deed is clear on its face that the only property conveyed to the ¡.¡Leonards was the separate property of Virgil Mason inherited from the Willis Mason estate.
The Jeanes filed a motion for summary judgment arguing that the cash sale deed clearly transferred all of the interest in the property owned by Virgil Mason to the Leonards.
Exco filed a motion for summary judgment and argued that its records show that the current owners of the disputed 3/880 interest in the property are the Je-anes. Exco alleged that the cash sale deed at issue is unclear on its face, but that there are no material facts in dispute as to its meaning.
The Masons, the Jeanes and Exco filed an agreement stating that they agreed and consented to presenting the three motions for summary judgment to the trial court based upon the record and memoranda filed by the parties.
On March 27, 2013, the trial court signed a judgment and written reasons for judgment on motions for summary judgment filed by the Masons, the Jeanes and Exco. The trial court found that the Masons’ motion should be granted, the Je-anes’ motion should be denied and Exco’s motion should be granted. The trial court explained that all parties agreed that the issue for summary disposition is a matter of law only and that the trial court’s decision is based on the record and motion papers filed by the parties. The trial court stated that at issue is the meaning of the property description of the 1988 cash sale deed and that the “description is disputed because it declares that Virgil Mason is conveying all of his undivided interest and that he is conveying only that interest he inherited from Willis Mason’s estate.” The trial court wrote:
In this contract, the initial phrase in the property description |4is that it is all of the seller’s undivided interest in the property. The concluding phrase is that the undivided interest conveyed is that which the seller inherited from his father.
Based on the deed’s language, the court finds that the description is neither unclear nor ambiguous. Given the plain meaning of the language, the court finds that the concluding phrase, that it *1007 is the interest the seller inherited from his father, limits the undivided interest conveyed to that which the seller inherited from his father, the 1/125 and 1/880 interest. Thus, the court concludes that the undivided 8/880 interest the seller inherited from his sister was not conveyed in the 1988 cash sale deed and that plaintiffs motion for summary judgement should be granted with the Jeanes’ motion denied.
The trial court determined that the Masons are the owners of the 3/880 interest Virgil Mason inherited from his sister, Mary Mason.[3]
On April 29, 2013, the Jeanes filed a motion and order for suspensive appeal.[4]

DISCUSSION

First Assignment of Error

In their first assignment of error, the Jeanes argue that the trial court erred in finding that the cash sale deed did not convey all of Virgil Mason’s undivided interest in and to the property to the Leon-ards. The Jeanes contend that the trial court erred in granting summary judgment in favor of the Masons and erred in finding that the Masons are to be recognized as owners of the 3/880 interest Virgil Mason inherited from his sister.
|fiThe Jeanes allege that, on the face of the deed, it is clear that Virgil Mason intended to convey “all of [his] undivided interest” in the property to the Leonards. The Jeanes contend that a deed cannot convey all of one’s undivided interest in property and, at the same time, convey only a portion of one’s undivided interest in that property. The Jeanes argue that the provision stating that the property being conveyed is what Virgil Mason inherited from his father’s estate was included to clarify that Virgil Mason was conveying his separate property — not his interest in community property owned with his wife.
The Masons agree with the Jeanes that the words of the deed are clear and explicit, but the Masons argue the clear meaning is that only the undivided interest in the portion inherited from Willis Mason was conveyed to the Leonards. The Masons contend that the phrase “This is the separate property of Virgil Mason inherited from Willis Mason’s Estate” was included in the property description to clarify that the deed only conveys a portion of Virgil Mason’s interest in the property.
An appellate court reviews a trial court’s granting of summary judgment de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Moreno v. Entergy Corp., 12-0097 (La.12/4/12), 105 So.3d 40; Will-Drill Resources, Inc. v. Huggs Inc., 32,179 (La.App.2d Cir.8/18/99), 738 So.2d 1196, writ denied, 99-2957 (La.12/17/99), 751 So.2d 885 [citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, and Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991)].
*1008 |fiThe interpretation of a contract is a question of law and is subject to a de novo review on appeal. Total Minatome Corp. v. Union Texas Products Corp., 33,433 (La.App.2d Cir.8/23/00), 766 So.2d 685 (citing Will-Drill Resources, Inc., supra). When a contract can be construed from the four corners of the document without the necessity of extrinsic evidence, the question of contractual interpretation is answered as a matter of law. Prejean v. Guillory, 10-0740 (La.7/2/10), 38 So.3d 274 (quoting Sims v. Mulhearn Funeral Home, Inc., 07-0054 (La.5/22/07), 956 So.2d 583).
Louisiana Civil Code articles 2045-2057 govern the interpretation of contracts. The interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art. 2046. The words of a contract must be given their generally prevailing meaning. La. C.C. art. 2047. Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract. La. C.C. art. 2048. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. C.C. art. 2050.
The cash sale deed is unambiguous and clearly conveys all of Virgil Mason’s interest in the property to the Leonards. The deed explicitly states that “all of Virgil Mason’s undivided interest” in the property was conveyed to the Leonards. The property description does include specific exceptions to what was conveyed, i.e.:
17Less undivided 1/11 Interest to Morgan R. And Mrs. Videll Robinson, Less fifteen (15) acres to V.C. Harvey for 1968, Less an undivided two (2) acres sold to V.C. Harvey for 1970, Less an undivided two (2) acres sold to V.C. Harvey for 1971, less two (2) acres to V.C. Harvey for 1969.
The deed does not include as an exception the property inherited from Mary Mason. The phrase “This is the separate property of Virgil Mason inherited from Willis Mason’s Estate” clarifies that the property being conveyed is Virgil Mason’s separate property, not community property shared with his wife. This phrase does not limit the conveyance to that property inherited from Willis Mason. Although the trial court correctly determined that the deed is clear and unambiguous, the trial court erred in finding that Virgil Mason did not convey all of his interest in the property to the Leonards. Therefore, the trial court also erred in granting the Masons’ motion for summary judgment.
Accordingly, this assignment of error has merit.

Second Assignment of Error

In their second assignment of error, the Jeanes argue that the trial court erred in not granting their motion for summary judgment. The Jeanes contend that, for the reasons set forth in their first assignment of error, the trial court should have granted their motion and ruled that the Masons own no interest in the property because Virgil Mason conveyed all of his interest to the Leonards.
Considering this court’s foregoing determination that the cash sale deed is unambiguous and clearly conveyed all of Virgil Mason’s undivided interest in the property to the Leonards, we find that the trial court erred in denying the Jeanes’ motion for summary judgment.
|sAn appellate court shall render any judgment which is just, legal and proper upon the record on appeal. La. C.C.P. art. *1009 2164. Finding that there are no genuine issues of material fact and that a de novo review of the deed demonstrates that Virgil Mason conveyed all of his interest in the property to the Leonards, this court grants the Jeanes’ motion for summary judgment.
Accordingly, this assignment of error has merit.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court in favor of Appellees, Virgil Mason, Clarece Mason Brown, Vergia Mason, Tommie Ann Mason Mims, Bettie Gail Mason, Onteryl Mason and Chuncy Mason, and grant summary judgment in favor of Appellants, R. Kenneth Jeane and Suzanne W. Jeane. Costs of this appeal are assessed to Appellees Virgil Mason, Clarece Mason Brown, Ver-gia Mason, Tommie Ann Mason Mims, Bettie Gail Mason, Onteryl Mason and Chuncy Mason.
REVERSED AND RENDERED.

. Exco stated that the Jeanes were included as owners of the property in a September 17, 2008 title opinion.

. Ozark filed an answer and stated that it has never received any royalties from the mineral interests at issue and makes no claim for any funds deposited into the registry of the court by Exco.

. The trial court also summarily dismissed the Masons’ claim for attorney fees. Because it was a concursus proceeding, the trial court found that the court costs attributable to the motions for summary judgement should be taxed to the Masons and the Jeanes and paid out of the monies deposited by Exco into the registry of the court. If the monies in the registry were not sufficient, the court ordered that the Masons and the Jeanes should be taxed equally for the costs. The trial court summarily granted Exco’s claim to offset any royalty payments it may owe to the Masons against future royalty payments to the Jeanes.

. The Jeanes do not appeal the trial court’s granting of Exco’s motion for summary judgment. Exco filed a brief stating that it takes no position in the appeal because the appeal involves only the determination of ownership.